THE STATE (GLEDHILL, Prosecutor,) vs. THE CLERK OF THE COUNTY OF PASSAIC.

1. Whether a certiorari is, in any case, a proper mode of testing the validity or determining the result of a public election. Query.

2. It is clearly a question of sound discretion, whether, in a given case the writ is properly used, and whether the remedy which is asked for should be applied.

3. In the exercise of its discretion, the court will not sanction such use of the

writ, as will leave an important public office vacant, while the conflicting claims of private individuals to the office are being settled.

4. A *quo warranto* is the legal and usual mode in which title to office may be tried and finally adjudicated.

5. The determination of the board of county canvassers has no such final ef_ fect, as to interfere with a full investigation of the result of an election upon a writ of *quo warranto*.

For the origin of this case, and the arguments of coun_ sel, see *The State* v. *The Governor, ante* page 331.

The CHIEF JUSTICE delivered the opinion of the court.

This writ was issued to remove into this court the statement and determination of the result of the election for surrogate of the county of Passaic. Whether, in any case, a *certiorari* is a proper mode of testing the validity, or determining the result, of a popular election, may well be doubted. It has never been resorted to successfully. Whether the court has jurisdiction in such cases, has been frequently questioned, and is not free from doubt. *The State* v. *Justices of Middlesex, Coxe* 244, 255 ; *The State r. Anderson, Ibid* 318.

Aside from all questions as to the power of the court, t is clearly a question of sound discretion, whether, in a given case, the writ is properly used, or the remedy which it seeks should be applied. In the exercise of this discretion, the court will not sanction such use of the writ, as will leave an important public office vacant, while the court are settling the conflicting claims of private individuals to the office. The effect of a *certiorari*, where appropriately used, is to operate as a *supersedeas* upon all further proceedings under the decision which it seeks to reverse. To produce this result in the case of a popular election, and to cause a vacancy, for an indefinite and uncertain period, in public office, must produce far greater evils than any that could possibly be averted by the application of the remedy. It is one of those cases in which private interests must yield to the public welfare. The

plaintiff is not debarred of his remedy. The *quo warranto* is the legal and usual mode in which his rights may be tried and finally adjudicated.

In the present instance, the writ appears to have been designed as ancillary to the application for a *mandamus*, in order to bring before the court the decision of the board of county canvassers, and the evidence upon which it was founded. That application having been denied, and the office having been filled, a decision upon the validity of the proceedings of the board would be nugatory. It would neither vacate the commission which has been issued, nor avail the plaintiff in any subsequent proceedings which may be instituted to determine his rights. If the determination of the board of county canvassers partakes at all of the character of a judicial act, it certainly has no such final or conclusive effect, as to interfere with the full and free investigation of the legal result of the election, upon a writ of *quo warranto*. It is not necessary, therefore, to the protection of the rights of the prosecutor, that this court should set aside the decision of which he complains.

The *certiorari* should be dismissed.